O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAE HUN SONG; RAYMUNDO BERNAL; A PLUS COLLISION, INC.; AND GLAMIS AUTO BODY AND PAINT, INC.,

                              Plaintiffs,

            v.

CITY OF DOWNEY,

                              Defendant.

Case No.:  2:24-cv-07036-MEMF-SK

**ORDER GRANTING MOTION TO DISMISS [ECF NO. 14]**

Before the Court is Defendant's Motion to Dismiss. ECF No. 14. For the reasons stated herein, the Court hereby GRANTS the Motion to Dismiss with leave to amend.

/ / /

/ / /

1    **I.**    <u>**Background**</u>

2        **A.  Factual Background**[1]

3        On August 17, 2022, police officers (the "Officers") from Defendant City of Downey (the

4    "City") executed a search warrant on 8806 Norwalk Boulevard, Whittier, CA 90606, where the

5    businesses of Dae Hun Song, Raymundo Bernal, A Plus Collision, Inc., and Glamis Auto Body and

6    Paint, Inc. ("Plaintiffs") are located. FAC ¶¶ 5–8, 12. Plaintiffs offered assistance with the search,

7    but the Officers ignored Plaintiffs' offer to assist in providing access to "safes, files, and evidence,"

8    and proceeded to ransack Plaintiffs' properties. FAC ¶ 13. During the search, the Officers damaged

9    and took various items that were the property of Plaintiffs—including "fixtures, safes, computers,

10   and other personal property items." *Id*. The City did not ultimately return Plaintiffs' property. FAC ¶

11   26. Plaintiffs were not afforded any pre-seizure or post-seizure hearings. *Id*.

12       **B.  Procedural History**

13       On August 17, 2024, Plaintiffs filed their initial complaint. ECF No. 1. On January 3, 2025,

14   Plaintiffs amended their complaint. *See* FAC. The FAC brings three causes of action against the City

15   under 42 U.S.C. § 1983: (1) unreasonable search and seizure; (2) denial of substantive due process;

16   and (3) denial of procedural due process.

17       On January 17, 2025, the City filed a Motion to Dismiss. ECF No. 14 (the "Motion"). On

18   February 28, 2025, Plaintiffs filed an opposition. ECF No. 21 ("Opposition"). On March 7, 2025, the

19   City filed its reply. ECF No. 22 ("Reply"). The Court held a hearing on May 22, 2025. ECF No. 24.

20   **II.**    <u>**Applicable Law**</u>

21       Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to

22   state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to

23   dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

24   relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

25

26

---

27   [1]The following factual allegations are derived from the allegations in Plaintiffs' First Amended Complaint, ECF No. 13 ("FAC"), unless otherwise indicated. For the purposes of this Motion, the Court treats these

28   factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they *are* true.

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court accepts the factual allegations in the pleadings as true and views them in the light most favorable to the plaintiff. *See Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**III.**     **Discussion**

The City moves to dismiss Plaintiffs' second and third causes of action for denial of substantive and procedural due process in violation of 42 U.S.C. § 1983.[2] *See generally* Motion. Specifically, the City argues that Plaintiffs have not alleged any substantively protected rights nor is there any process that is due to the Plaintiffs with regard to the alleged seizures of their property. For the reasons discussed below, the Court finds that Plaintiffs have not sufficiently alleged a substantive due process violation nor a procedural due process violation. Accordingly, the Court dismisses Plaintiffs' second and third causes of action, but will grant Plaintiffs leave to amend.

**A.  Plaintiffs Have Not Sufficiently Alleged Their Second Cause of Action.**

"To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). Here, Plaintiffs' claim for violation of substantive due process appears to be based on the theory that the City did not provide either a pre-seizure hearing or a post-seizure

---

[2] The City does not move to dismiss Plaintiffs' claim for unreasonable search and seizure.

hearing in relation to the seizure of their property. FAC ¶¶ 26, 27. However, the lack of hearing related to the seizure is itself not a deprivation of life, liberty, or property. *See Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013) (where bulk of factual allegations pertained to "various alleged procedural deficiencies," affirming that "the allegations do not amount to an adequately-pled claim for violation of plaintiffs' *substantive* due process rights"). Thus, Plaintiffs have not met the threshold showing for a substantive due process claim.

Moreover, Plaintiffs do not make any arguments in support of their substantive due process claim in their briefing. Rather, Plaintiffs cite the legal standard for a procedural due process claim and then go on to say that it would also be possible for their claims to be analyzed under the Fourth Amendment. *See* Opposition at 4. However, the alleged Fourth Amendment violation for unreasonable search and seizure is already set forth in Plaintiffs' First Cause of Action, which is not contested here. Plaintiffs also offer an alternative claim under the Fifth Amendment, which the Court will consider for purposes of amendment, but notes this undermines Plaintiffs' substantive due process claim. *See Madison v. Graham*, 316 F.3d 867, 870–71 (9th Cir. 2002) (noting that the Ninth Circuit "has consistently held that substantive due process claims are precluded where the alleged violation is addressed by the explicit textual provisions of the Fifth Amendment's Takings Clause").

Given Plaintiffs' theory of their substantive due process claim, the Court finds that Plaintiffs have not sufficiently pleaded a violation of substantive due process. The Court will grant Plaintiffs leave to amend the Second Cause of Action to attempt to properly state a substantive due process claim or alternatively amend to add a Fifth Amendment Takings claim.

### B.  Plaintiffs Have Not Sufficiently Alleged Their Third Cause of Action.

Plaintiffs next allege that the City denied them procedural due process on the theory that the City had a duty to Plaintiffs to "preserve and present the physical evidence as to ensure that Plaintiffs' procedural due process rights were protected." FAC ¶ 34.[3] However, as Plaintiffs

---

[3] Plaintiffs also allege that the City "created and assumed a special relationship," citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 700 (9th Cir. 1988). *Id.* ¶ 38. However, the Court does not find any allegations similar to the circumstances set forth in *Balistreri* and therefore finds these allegations unavailing to support any due process claim. *Balistreri*, 901 F.2d at 699 ("The heart of Balistreri's due process claim is that the []

acknowledge in their briefing, a procedural due process claim requires the existence of a protected liberty or property interest, deprivation of the interest, and lack of process. *See Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011). While Plaintiffs point out the right to be heard as part of fair process in their Opposition (Opposition at 4), the Court notes that the lack of hearing is not part of Plaintiffs' procedural due process claim as currently alleged. As it is not apparent how any failure to preserve evidence satisfies the elements of a procedural due process claim, nor do Plaintiffs provide any explanation, the Court finds that the alleged procedural due process claim is insufficient.

Although the Court will dismiss the third cause of action, the Court finds that leave to amend is appropriate. It does appear (as pointed out by the City and discussed above) that Plaintiffs have mixed the standards for substantive due process and procedural due process. The Court therefore considers whether Plaintiffs may be able to make out a claim for a violation of procedural due process for the failure to provide either a pre-seizure or a post-seizure hearing. As discussed next, the Court finds that it may be possible to state a claim for a violation of procedural due process based upon the failure to provide a post-seizure hearing.

i.    A pre-seizure hearing is not required for procedural due process.

In its Motion, the City argues that no pre-seizure hearing is required to satisfy due process when a seizure is conducted pursuant to a valid search warrant.[4] Motion at 1, *citing Bennett v. Cty of Shasta*, 2016 WL 3743151 (E.D. Cal. July 12, 2016). The Ninth Circuit has noted that "[t]here is . . . no requirement of a prior hearing before the seizure of possessions under a search warrant." *Perkins v. City of West Covina*, 113 F.3d 1004, 1010 (9th Cir. 1997), *rev'd*, 525 U.S. 234 (1999). Therefore, the denial of a pre-seizure hearing alone cannot equate to a violation of procedural due process.

---

police failed to take steps to respond to the continued threats, harassment and violence towards Balisteri by her estranged husband.").

[4] In its Motion, the City represents that "Plaintiffs are not challenging the validity of the search warrant." Motion at 1. The Court notes that Plaintiffs do not appear to contest this in opposition, and even cite case law stating that "[e]xcessive or unnecessary destruction of property may violate the Fourth Amendment even where the underlying search was lawful." Opposition at 4. Thus, it appears that Plaintiffs are conceding they do not challenge the validity of the search warrant itself.

ii.  A post-seizure hearing may be required for procedural due process.

Although the Court finds that leave to amend would be futile if it were only a failure to provide a pre-seizure hearing at issue, the Court notes that Plaintiffs do allege the failure to provide a post-seizure hearing (although it is to support their substantive due process claim). FAC ¶ 26. The City does not argue that this allegation would not be able to properly support a procedural due process claim.[5] Identifying "the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures, used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, the Court finds that at this stage, it may be plausible that a post-seizure hearing could be required to comport with due process in this context. First, the private interest at stake here is Plaintiffs' properties such as "fixtures, safes, computers, and other personal property." FAC ¶ 13. Plaintiffs clearly have a property interest in the items seized. Second, while the risk of erroneous deprivation may be somewhat low when the seizure is conducted under a valid search warrant, there is value in providing a post-seizure hearing to safeguard Plaintiffs' interest. *See City of West Covina v. Perkins*, 525 U.S. 234, 240 (1999) ("It follows that when law enforcement agents seize property pursuant to warrant, due process requires them to take reasonable steps to give notice that the property has been taken so the owner can pursue available remedies for its return."). And finally, there would not appear to be significant burden to the government in providing a post-seizure hearing. Thus, the Court finds that it may be *possible* for Plaintiffs to amend their procedural due process claim based on a failure to provide a post-seizure hearing.

**C. The Court Finds the FAC Sufficiently Pleaded Under Rule 12(e).**

The City alternatively moves for a more definite statement under Federal Rule of Civil Procedure 12(e) because they are unable to prepare a defense due to Plaintiffs' FAC being "vague

---

[5] The Court's analysis herein is not intended to foreclose any arguments the City may make.

and ambiguous." Motion at 4; *see* Fed. R. Civ. P. 12(e). However, here, accepting Plaintiffs' allegation as true, Plaintiffs have alleged sufficiently that the Officers searched Plaintiffs' property, damaged the property during the search, and Plaintiffs suffered injuries because of the Officers' conduct. FAC ¶¶ 12, 13. Therefore, Plaintiffs' factual allegations "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); Fed. R. Civ. P. 8(a)(2).

Thus, the Court does not find it necessary to order a more definite statement at this time.

**IV.**    <u>**Conclusion**</u>

For the foregoing reasons, the Court hereby GRANTS the Motion to Dismiss (ECF No. 14) as follows:

1. Plaintiffs' Second Cause of Action for Violation of Substantive Due Process is DISMISSED with leave to amend.

    a. Alternatively, Plaintiffs may amend to add a claim for violation of the Fifth Amendment.

2. Plaintiffs' Third Cause of Action for Violation of Procedural Due Process is DISMISSED with leave to amend.

3. Plaintiffs are GRANTED LEAVE TO AMEND its claims as described above within thirty (30) days of this Order.

4. If Plaintiffs do not file an amended complaint within thirty (30) days of this Order, only its First Cause of Action for Unreasonable Search and Seizure will remain, and the thirtieth (30th) day from the date of this Order will be deemed the date of filing for purposes of calculating when the City's Answer is due.

IT IS SO ORDERED.

Dated: June 24, 2025

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge